IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PERCY MYRICK,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **DONALD N. SYNDER, JR.,** <br> **DR. FEINERMAN, DR. GONZALEZ,** <br> **M. BRIAN, MAJOR DAN COWAN,** <br> **MICHELLE PULLEY, MS. BROOKS,** <br> **and GUY D. PIERCE,** | ) <br> ) <br> ) Civil No. **04-787 - WDS** <br> ) <br> ) |
| Defendants. | ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendant's Motion for Summary Judgment, filed by defendant Dan Cowan. **(Doc. 79)**. Defendant filed a memorandum in support **(Doc. 80)**, which is accompanied by portions of plaintiff's deposition.

Defendant served upon the pro se plaintiff the notice required by *Lewis v. Faulkner*, **689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 81)**. Plaintiff filed a response, to which he attached various exhibits. **(Doc. 93)**. Defendant filed a reply. **(Doc. 94)**.

## Nature of Plaintiff's Claims

Plaintiff Percy Myrick is an inmate in the custody of the Illinois Department of Corrections. He filed this lawsuit on October 29, 2004, alleging that a number of defendants had been deliberately indifferent to his serious medical needs. The court has previously granted the other defendants' motions for summary judgment, and defendant Dan Cowan is the only remaining defendant. **See, Doc. 95.**

Plaintiff's complaint arises out of treatment rendered to him for acid reflux disease while

1

he was assigned to Lawrence Correctional Center.  For a full discussion of the course of treatment, see this court's previous Report and Recommendation at Doc. 90.  In brief, plaintiff alleges that, when he was transferred to Lawrence Correctional Center in January, 2002, his medication was changed from Protonix to Tagamet.  Over the next year or so, he was seen on a regular basis by the health care unit, and the doctors ordered various tests and medications, including Maalox, Tagamet, Gaviscon, and Pepto-Bismal.  Plaintiff was unhappy with all treatments other than Protonix.  He was eventually placed back on that drug in December, 2002.

The medical defendants were granted summary judgment because the record established nothing more than a disagreement over the course of treatment.  The prison employee defendants were granted summary judgment because the record established that they properly relied on the medical staff to diagnose and treat plaintiff's condition.

With regard to defendant Cowan, plaintiff alleges that, on February 26, 2002, he pleaded with Nurse Brooks in the health care unit to be seen by a doctor, but she refused.  Brooks left the examining room and returned with a correctional officer, who told plaintiff to return to the cell house immediately or he would be placed in segregation.  Dr. Feinerman then stepped out of an office, and told plaintiff he would have to put in another slip to be seen by the doctor.   When he returned to the cell house, plaintiff told a Captain Henton about his condition.  Henton told Major Cowan about plaintiff's "physical state" and "medical issues."  Henton then told plaintiff that Cowan said that Cowan would not take any action unless plaintiff were dying**.  Amended Complaint, Doc. 15, ¶¶27-28.**

### Grounds for Summary Judgment

Defendant argues that he is entitled to entitled to summary judgment because, as a lay person, he was entitled to rely upon the medical judgment of the health care professionals who were treating plaintiff.

### Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. *Anderson*, **477 U.S. at 248; see also,** *JPM Inc. v. John Deere Industrial Equipment Company*, **94 F.3d 270, 273 (7th Cir. 1996).** Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. *Clifton v. Schafer*, **969 F.2d 278, 281 (7th Cir. 1992).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. *Duncan*

3

*v.Duckworth*, 644 F.2d 653, 655 (7th Cir.1981).

## Analysis

Defendant Cowan was a Major at Lawrence Correctional Center at the relevant time. **Doc. 80, p.4**. Plaintiff does not dispute the fact that Cowan is not a doctor.

In order to prevail on his constitutional claim, plaintiff must satisfy the two-part test enunciated in *Farmer v. Brennan*, **511 U.S. 825, 834, 114 S.Ct. 1970 (1994)**. The test has an objective and a subjective component. That is, plaintiff must show (1) his condition was objectively serious, and (2) the defendant acted with deliberate indifference, which is a subjective standard. *Reed v. McBride*, **178 F. 3d 849, 852 (7th Cir. 1999)**. Liability under 42 U.S.C. §1983 is personal; there is no liability unless the defendant "caused or participated" in the deprivation of a constitutional right. *Vance v. Peters*, **97 F.3d 987, 991 (7th Cir. 1996)**. Thus, the two-prong *Farmer* test must be satisfied as to each defendant.

An inmate is not constitutionally entitled to "unqualified access to healthcare" or to the best care possible; rather, he is entitled only to "adequate medical care." *Johnson v. Doughty*, **433 F.3d 1001, 1013 (7th Cir. 2006)**. It is proper to consider the "cost of treatment alternatives" in "determining what constitutes adequate, minimum-level medical care." *Id.*

It is obvious from plaintiff's deposition testimony that he was being seen regularly by health care professionals. **See, Exhibit 1, attached to Doc. 80.** Plaintiff claims here that Cowan was deliberately indifferent for not arranging for plaintiff to be seen by a doctor after he had just come from seeing the staff in the health care unit.

Prison employees who "reasonably rely" on the fact that the inmate is being seen by medical staff are not deliberately indifferent. *Johnson v. Doughty*, **433 F.3d 1001, 1011 (7th Cir. 2006)**. A lay person such as Major Cowan cannot be expected to determine whether the treatment being rendered to plaintiff was appropriate. "Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate

treatment, prison officials may reasonably rely on the judgment of medical professionals."

*Johnson*, 433 F.3d at 1011 (internal citation omitted.)

According to the affidavit he filed in opposition to the motion, plaintiff brought his "pain and suffering" to the attention of the health care staff on the day in question, and was "sent away" by the staff and doctor. **Doc. 93, Exhibit 1, ¶7.** Under plaintiff's own version of the events, he had just come from seeing the health care staff when he talked to Henton. The fact that Cowan did not countermand the medical staff's directions and demand that plaintiff be seen by a doctor immediately does not constitute deliberate indifference on his part. The motion should therefore be granted.

### Recommendation

This Court recommends that Defendant's Motion for Summary Judgment **(Doc. 79)** be **GRANTED**.   Judgment should be entered in favor of defendant Dan Cowan

If this recommendation is adopted, no claims will remain pending.

Objections to this Report and Recommendation must be filed on or before **February 21, 2007.**

**Submitted: February 1, 2007.**

             s/ Clifford J. Proud
             CLIFFORD J. PROUD
             UNITED STATES MAGISTRATE JUDGE